**ALLEN, ESTATE OF, In Re**

**ALLEN v VANDEMARK**

Ohio Appeals, 9th Dist., Lorain Co.

No. 948.   Decided Mar. 13, 1940.

Fauver & Fauver, Elyria, for appellant.

R. H. Rice, Elyria, and Vandemark & Vandemark, Elyria, for appellee.

**OPINION**

By DOYLE, J.

This is an appeal on questions of law from the Common Pleas Court of Lorain County, and specifically from a judgment rendered therein which ordered the allowance of a fee of $10,000 to R. F. Vandemark for legal services rendered the estate of E. F. Allen, deceased, and to Frank B. Allen individually.

Frank B. Allen was the sole legatee of the estate of his father, E. F. Allen, with the exception of two bequests of $1,000 each made to two nieces. The gross value of the estate at the time of decedent's death was $182,764.81.

By agreement of counsel and by stipulation in the record, it was provided that the court, in determining the fee, should consider all legal services rendered by Vandemark, whether for the benefit of the estate or for Frank B. Allen individually.

The cause was heard in the Court of Common Pleas by the two resident judges of Lorain County, sitting en banc. After a consideration of the record and the evidence, they determined that a fee of $10,000 was fair and

reasonable, and ordered its allowance.

Various assignments of error are urged in this court. We concern ourselves with but one—i. e., that the judgment is manifestly "against the weight of the evidence and not sustained by sufficient evidence".

At the outset it must be observed that this court does not have the right to substitute its judgment for that of the Court of Common Pleas as to the amount to be allowed, for the reason that this court is not vested with authority to try the facts de novo. Nor do the members of this court have the authority to supplement the evidence in the case by their respective opinions of the value of the services rendered. The cause is before this court on questions of law, on the record as made in the Court of Common Pleas.

From such record, the members of this court are not unanimously of the opinion that the judgment of the Court of Common Pleas is manifestly against the weight of the evidence, and under such circumstances that claimed error must fail. **Art. IV, §6, Constitution of Ohio.**

As to the other claimed errors, we find none prejudicial to the rights of the appellant.

The judgment is affirmed.

WASHBURN, PJ., concurs.
STEVENS, J., dissents.